In re Petition for DISCIPLINARY AC-TION AGAINST William B. SIMONET, Jr., an Attorney at Law of the State of Minnesota.

No. C7–88–2295.

Supreme Court of Minnesota.

Jan. 31, 1989.

### ORDER

The Director of the Minnesota Lawyers Professional Responsibility Board filed with this court a petition alleging that the respondent William B. Simonet, Jr. had engaged in conduct violative of Rules 8.1(a)(1), (2) and (3) and Rules 8.4(b), (c) and (d), Minnesota Rules of Professional Conduct. That conduct consisted of failure to disclose respondent's two unsuccessful attempts to pass the Minnesota bar examina-

tion in response to specific questions on his application for admission to the Bar of the State of Wisconsin. It also included an allegation that respondent forged the signatures of an affiant and of a notary on an affidavit submitted to the Wisconsin state bar admission authorities in connection with his admission application to the Wisconsin bar. Finally, the conduct consisted of failure to respond to inquiries for explanations regarding the forged affidavit from the Wisconsin bar. Subsequent to the filing of the petition the respondent waived his right to file an answer and entered into a stipulation with the Director wherein he, after acknowledging his procedural rights under Rule 14 of the Rules on Lawyers Professional Responsibility (RLPR) and Rule 15 waived his right to file an answer and unconditionally admitted the allegations of the petition. By the terms of that stipulation, the Director and the respondent join in recommending that certain discipline be imposed.

The court having examined the petition, the exhibits attached to the petition and to the stipulation and the stipulation itself, NOW ORDERS:

1. The respondent is hereby suspended from the practice of law for a period of four months from the date of this order.

2. During the course of his probation and before reinstatement, the respondent shall pay to the Director's office the sum of $750 in costs pursuant to Rule 24(a), RLPR, and $105.90 as disbursements pursuant to Rule 24(b), RLPR.

3. That respondent at least 15 days prior to the expiration of this suspension period shall file an affidavit with the clerk of appellate courts and the Director's office verifying his compliance with Rule 26, RLPR, that he has paid the aforesaid taxed costs and disbursements, and that he is current in continuing legal education requirements. Unless the Director files an objection to the reinstatement within the unexpired suspension period, the respondent shall be reinstated by this court's written order.

4. Any reinstatement, however, shall be subject to the respondent being placed on probation for a period of two years under the supervision of a Minnesota attorney nominated by him and approved by the Director. If at any time during the probation, the Director concludes that respondent has committed any further violations of the Rules of Professional Conduct, the Director may, after providing respondent with an opportunity to be heard, file a petition for revocation of respondent's probation and for further disciplinary action without the necessity of panel proceedings.

5. During the course of the suspension and the probation, and within one year from the date of this order, the respondent shall successfully complete the professional responsibility portion of the multi-state bar examination. Failure to successfully complete the exam within that time shall result in immediate and automatic suspension until such time as respondent furnishes to this court proof of having completed this condition.